UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH A. ZYSKOWSKI, and
DEVMARKETING, INC.,

          Plaintiffs,

v.

SALESTRAQ, INC., and LARRY E. MURPHY,

          Defendants.

2:10-cv-0062-LRH

ORDER

Before the court is defendants Larry E. Murphy ("Murphy") and SalesTraq, Inc.'s ("SalesTraq, Inc.") motion to dismiss. Doc. #20.[1] Plaintiffs Joseph A. Zyskowski ("Zyskowski") and devMarketing, Inc. ("devMarketing") filed an opposition (Doc. #21) to which defendants replied (Doc. #22).

**I.    Facts and Background**

This action arises out of the same nucleus of facts as *SalesTraq America v. Zyskowski*, 2:08-cv-01368-LRH-LRL ("SalesTraq I").[2] In that action, non-party SalesTraq America, LLC ("SalesTraq America") and defendant Murphy filed a complaint against Zyskowski and

---

[1] Refers to the court's docket number.

[2] For more information about the underlying facts of SalesTraq I, see the court's order granting in-part and denying in-part devMarketing's motion for summary judgment. Doc. #60, 2:08-cv-1368.

1  devMarketing for copyright infringement alleging that Zyskowski, as president of devMarketing,
2  created a property database and began operating a website, devMLS.com, which publishes active
3  listings of open home developments containing information substantially similar to the copyrighted
4  material on SalesTraq America's site, salestraq.com. Doc. #1, 2:08-cv-1368.

5  Zyskowski and devMarketing filed counterclaims against SalesTraq America and Murphy
6  alleging: (1) false description under 15 U.S.C. § 1125(a)(1)(B); (2) defamation; (3) intentional
7  interference with prospective economic advantage; and (4) attempt to maintain a monopoly.
8  Doc. #32, 2:08-cv-1368. Subsequently, Zyskowski and devMarketing moved to amend their
9  counterclaims to add SalesTraq, Inc. ("SalesTraq Inc."), a separate corporation involved in
10 customer subscriptions of salestraq.com, as a third-party defendant. Doc. #42, 2:08-cv-1368. The
11 court ultimately denied the motion as untimely because the deadline to add parties has passed. *See*
12 Doc. #59, 2:08-cv-1368.

13 Thereafter, Zyskowski and devMarketing filed the present action against SalesTraq Inc. and
14 Murphy alleging the same four causes of action as in their counterclaims: (1) false description
15 under 15 U.S.C. § 1125(a)(1)(B); (2) defamation; (3) intentional interference with prospective
16 economic advantage; and (4) attempt to maintain a monopoly. Doc. #7. Thereafter, defendants filed
17 the present motion to dismiss the present action as duplicative of SalesTraq I. Doc. #20.

18 **II.    Discussion**

19 The court has discretion to dismiss subsequent actions as duplicative if the action involves
20 the same causes of action and the same parties, or privies, as a current action. *Adams v. Cal. Dept.*
21 *Of Health Svcs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (plaintiffs have no right to maintain two
22 separate actions involving the same subject matter at the same time in the same court and against
23 the same defendant). Here, the court finds that the present action is duplicative as to defendant
24 Murphy. The causes of action alleged in this complaint are the same as the counterclaims alleged in
25 SalesTraq I. Accordingly, the court shall dismiss the complaint against defendant Murphy.

26

1   As to defendant SalesTraq Inc., the court finds that the complaint is not duplicative because SalesTraq Inc. was neither a party to the original action nor in privity with a party to that action. SalesTraq Inc. is a separate corporation that handles the customer subscriptions of salestraq.com and is allegedly the party who sent out subscription notices containing defamatory statements about devMarketing and the devMLS.com website. As such, its interests are distinct from both Murphy and SalesTraq America's interests who do not control customer subscriptions or send out subscription notices. *See Adams*, 487 F.3d at 691(finding that privity requires both an identity of interests and adequate representation in the prior action). Therefore, the court finds that the present complaint against SalesTraq Inc. is not duplicative of the counterclaims in SalesTraq I.

Additionally, the court finds that the present complaint is not precluded by the court's order denying Zyskowski's motion to amend. The court's order was based solely on a finding that the motion to amend was untimely under the scheduling order. The Ninth Circuit allows subsequent complaints against defendants after a motion to amend to add those defendants was denied as untimely under a scheduling order. *See e.g., Atchison, Topeka and Santa Fe Railway Company v. Hercules Inc.*, 146 F.3d 1071 (9th Cir. 1998). Accordingly, the court shall deny defendants' motion as to defendant SalesTraq Inc.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #20) is GRANTED in-part and DENIED in-part. Defendant Larry E. Murphy is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 20th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3